UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
AXIS REINSURANCE COMPANY,                                    :
                                                             :
                                Plaintiff,                   :
                                                             :
          -v-                                                :
                                                             :
PHILIP R. BENNETT et al.,                                    :
                                                             :
                                Defendants.                  :
                                                             :
-------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/2/08

07 Civ. 10302 (GEL)

**ORDER**

GERARD E. LYNCH, District Judge:

      Axis Reinsurance seeks an immediate stay of the October 19, 2007, Order of the Bankruptcy Court, at issue in the above-captioned case, requiring Axis to advance defense costs, pending this Court's consideration of that Order. The application will be denied.

      "To obtain a stay pending appeal [of an order of the Bankruptcy Court], [a party] must show: (1) a strong likelihood of success on the merits of the appeal; (2) that the movant will suffer irreparable injury if the stay is denied; (3) that no substantial harm will be suffered by others if the stay is granted; and (4) that the stay is in the public's interest." In re Bogdanovich, No. 00 Civ. 2266 (JGK), 2000 WL 1708163, at *3 (S.D.N.Y. Nov. 14, 2000). Axis's letter-brief fails to make an adequate showing of the first three factors; it is therefore unnecessary to address the fourth. First, whether the guilty plea of the insured Santo Maggio defeats coverage for all the insureds depends on whether certain "warranty" documents form part of the policy, a contested issue the merits of which cannot be discerned adequately on the minimal briefing submitted. Second, since the advancement of fees represents simply the payment of money that in principle can be recovered if the Order is reversed, Axis has not established irreparable injury. And third, the insureds, including certain individuals who face criminal prosecution, will likely be severely and immediately harmed if advancement of their legal fees is suddenly stopped pending resolution of the pending case.

      Accordingly, the application for a stay is denied. The parties are directed to address the issues raised by the Maggio plea in supplemental briefs to the Court. The parties shall jointly

submit a supplementary briefing schedule, or, if the parties are unable to agree, competing schedules, to the Court by January 11, 2008.

SO ORDERED.

Dated:  New York, New York
       January 2, 2008

                                      GERARD E. LYNCH
                             United States District Judge

2