**Wayne E. Borgeest**
**Joan M. Gilbride**
**Robert A. Benjamin**
**KAUFMAN BORGEEST & RYAN LLP**
**200 Summit Lake Dr**
**Valhalla, New York 10595**
**(914) 741-6100 (Telephone)**
**(914) 741-0025 (Facsimile)**
**wborgeest@kbrlaw.com**
**jgilbride@kbrlaw.com**
**rbenjamin@kbrlaw.com**

*Attorneys for Axis Reinsurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X
                                       :

AXIS REINSURANCE COMPANY,          :     No. 07-CV-07924-GEL
                                         :
                      Plaintiff,    :
                v.                 :

PHILLIP R. BENNETT, et al.,           :
                                         :
                     Defendants.    :
                                         :
--------------------------------------------------------------- X
                                         :

In re                             :     Chapter 11
                                         :
REFCO, INC., et al.,                :     Case No. 05-60006-RDD
                                         :
                     Debtors.      :     Jointly Administered
                                         :
--------------------------------------------------------------- X
                                         :

AXIS REINSURANCE COMPANY,          :     Adv. Proc. No. 07-01712-RDD
                                         :
                     Plaintiff,    :
                v.                 :

PHILLIP R. BENNETT, et al.,           :
                                       :
                     Defendants.    :
                                       :
--------------------------------------------------------------- X
                                         :

TONE N. GRANT, et al.,               :     Adv. Proc. 07-02005-RDD
                                         :

|  | | |
|---|---|---|
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| AXIS REINSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

-------------------------------------------------------------------- X

|  | | |
|---|---|---|
| | : | |
| LEO R. BREITMAN, et al., | : | Adv. Proc. No. 07-02032-RDD |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| AXIS REINSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

-------------------------------------------------------------------- X

|  | | |
|---|---|---|
| | : | |
| AXIS REINSURANCE COMPANY, | : | (1) No. 07-CV-09420-GEL |
| | : | (2) No. 07-CV-09842-GEL |
| Plaintiff, | : | (3) No. 07-CV-10302-GEL |
| v. | : | |
| | : | |
| PHILLIP R. BENNETT, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------------------- X

|  | | |
|---|---|---|
| | : | |
| TONE N. GRANT, et al., | : | No. 07-CV-09843-GEL |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| AXIS REINSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

-------------------------------------------------------------------- X

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT ............................................................................................................... 2

    A. Axis Will Suffer Irreparable Injury Absent a Stay .................................................. 2

    B. The Insureds Will Not be Harmed By a Stay ......................................................... 4

    C. Axis Has Shown a Strong Likelihood of Success on the Merits ............................ 5

    D. Public Policy Will be Served by the Issuance of a Stay..........................................7

    E. The Court Should Require the Insureds To Post Security ...................................... 8

CONCLUSION............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Brenntag Intern. Chemicals, Inc. v. Bank of India,* 175 F.3d 245 (2d Cir. 1999)……..2

*Great American Ins. Co. v. Gross,* 2005 U.S. Dist. LEXIS 8003
(E.D. Va. May 2, 2005)..................................................................................................3, 7

**AXIS REINSURANCE COMPANY'S REPLY TO THE INSURED'S JOINT
RESPONSE TO AXIS'S MOTION FOR A STAY OF THE BANKRUPTCY
COURT'S ORDER OF OCTOBER 19, 2007**

Axis Reinsurance Company ("Axis") submits this reply brief in response to the
Appellee Insureds' (the "Insureds") Joint Response to Axis's Motion For a Stay of the
Bankruptcy Court's Order of October 19, 2007 (the "Advancement Order") and in further
support of its motion.

## PRELIMINARY STATEMENT

This motion for a stay comes down to an issue of fundamental fairness and Axis's
ability to receive justice. The facts that led to the appeal are simple. The Bankruptcy
Court erroneously determined that Axis must advance defense costs until the issue of
coverage under the Axis Policy has been determined, despite the fact that the language of
the Policy is to the contrary, and that Axis denied coverage. The Orders of the
Bankruptcy Court were appealed and are pending before this Court where they were fully
briefed on January 9, 2008. At the present time, Axis has already advanced over $7
million dollars to the Insureds and it appears the remaining $3 million of Axis's policy
limits will be depleted in the very near future. Unless this Court stays the Advancement
Order of the Bankruptcy Court, Axis will be forced to pay out the entire $10 million
policy limit without any assurance from the Insureds that they are capable, or even
willing, to pay Axis back if Axis prevails on the coverage issue when it is finally
permitted to argue its declaratory judgment action before the Court. Thus, even if Axis
prevails on its appeal, this Court will have been divested of its ability to make Axis whole
again, absent a stay of the Bankruptcy Court's Advancement Order.

1

## ARGUMENT

### A.    Axis Will Suffer Irreparable Injury Absent a Stay

Unless this Court acts now and issues the stay requested, it may have no way to make Axis whole again if it finds for Axis on the pending appeal.  Axis has clearly demonstrated that it will suffer irreparable injury if this Court does not issue an immediate stay.  The Insureds urge the Court to ignore the cases cited by Axis in support of its irreparable injury argument.  As those cases demonstrate, irreparable injury may arise where an appellate court can not make the appellant whole.  The Second Circuit found irreparable harm where, "…but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action that the parties cannot be returned to the positions they previously occupied." *Brenntag Intern. Chemicals, Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999).

The Insureds are quick to gloss over the Maggio plea and declare it irrelevant to the Court's consideration of the irreparable injury factor.  As Axis argues in its initial brief, 70% of the over $7 million dollars that Axis has advanced thus far has gone to Insureds who Mr. Maggio has identified as criminal coconspirators.  This is certainly a factor that the Court should look at when determining whether Axis may suffer irreparable injury.  As Axis points out in its initial brief and through the Neher Affidavit, "the amounts at issue and the circumstances that the Insureds face (i.e., ongoing civil and criminal litigation that currently is in discovery) normally would make the prospect of repayment highly unlikely." *See* Neher Aff. at ¶ 4.  As Mr. Maggio has now pleaded guilty and is working with federal prosecutors in the criminal actions against several of

the Insureds, it appears more likely than ever that the Insureds will be incapable of repaying Axis.[1]

The Insureds argue that Axis is unable to show that they are insolvent or that there is a threat of insolvency. Despite repeated calls by Axis for the Insureds to provide even the slightest bit of information regarding their ability or willingness to repay Axis, should the Court determine that there is no coverage for the Insureds in the actions at bar, the Insureds have engaged in what can only be described as an orchestrated effort to keep Axis and the Court in the dark regarding their financial abilities.

Even now, when faced with this motion and the pending appeal, the Insureds have not provided an infinitesimal representation as to their ability or willingness to repay Axis. They instead ask Axis and the Court to make a leap of faith that they have the ability, and are willing to, reimburse Axis should the Court find they are not covered for the actions for which Axis has disclaimed coverage. Given the large amount of money at issue, and Axis's inability to engage in discovery to determine the Insureds' financial conditions, this Court should not permit the Insureds to frustrate Axis's ability to protect itself. Equity requires that this Court act to immediately issue a stay of the Bankruptcy Court's advancement order, which requires Axis to advance defense costs and leaves Axis open to irreparable injury without any way to protect itself.

In addition to the above, the Insureds attempt to argue that Axis cannot be irreparably harmed by advancing their defense costs. They cite *Great American Ins. Co. v. Gross*, 2005 U.S. Dist. LEXIS 8003 at * 15-16 (E.D. Va. May 3, 2005), for the

---

[1] Axis has also recently become aware of a seizure warrant issued against a $5.8 million Bear Stearns account held by Mr. Klejna, an Officer Insured.

statement that an insurer "cannot be irreparably harmed by doing that which it *agreed to do* under the plain language under the Policy or by doing what it was *contractually obligated to do.*" (emphasis added). This is the very issue pending before this Court on Axis's appeal. Axis argues that it is not contractually obligated to advance defense costs because there is coverage for the Insureds under the Policy. Thus, if this Court finds for Axis on the appeal then it will be finding that Axis did not agree or contract to advance uncovered defense costs. In the absence of such a contractual agreement, the Bankruptcy Court's Advancement Order requiring Axis to advance defense costs in contravention of the plain language of the Policy is irreparably harming Axis.

### B.    The Insureds Will Not be Harmed By a Stay

The Insureds have completely failed to offer any evidence that they will be harmed by a stay. In fact, the Insureds do not even bother to offer an unsubstantiated statement that they will be unable to pay their defense bills, or that their counsel will stop representing them, if there is a brief stay pending the Court's decision on the Appeal.

Despite repeated opportunities, including the present motion, the Insureds have steadfastly refused to provide anything to show that they will be harmed if Axis stops advancing defense costs. Axis is merely asking for a brief stay while the Court makes a decision on the appeal. .

Axis has offered the affidavit of Harold Neher to show the irreparable injury it will suffer if the Court does not act immediately to stay the Bankruptcy Court's Advancement Order. The Insureds offer absolutely nothing. Not a single affidavit, no records of their current assets, not even an unsupported statement that they cannot pay

4

their defense bills or that their counsel will cease representing them during the short period of time needed for the Court to make a decision on the Appeal.

The Insureds argue in their Opposition that they are not aware of any authority permitting an appellant to obtain a stay on appeal by showing that the harm resulting from such a stay would be borne by the Insureds' counsel. The Insureds have evidently forgotten that in this very case, the Bankruptcy Court stayed its own Order of August 30, 2007, requiring advancement to various Insureds for ten days, while Axis was permitted to seek an expedited appeal from the District Court. The Bankruptcy Court stated that "I know lawyers can wait ten days on payment of their bills ..." 8/30 Tr. at p. 95; *See* Exhibit H to the Gilbride Decl. Thus, the Bankruptcy Court permitted a brief stay while Axis sought an expedited appeal. The basis for that stay was the Court's determination that defense counsel could wait to be paid. In this motion, Axis seeks a stay for no longer than it takes for the Court to render a decision on Axis's appeal.

### C.    Axis Has Shown a Strong Likelihood of Success on the Merits

Axis has shown that there is a strong likelihood of success on its Appeal.[2] The Insureds' argument against this focuses heavily on the Santo C. Maggio guilty plea. The Insureds appear to imply that Axis's stay motion relies solely upon whether the Maggio plea is dispositive of the pending Appeal. In fact, the Insureds simply ignore the other arguments that are contained in Axis's motion and, by incorporation, its appeal. To be sure, the Maggio guilty plea serves to provide greater support to Axis's arguments; however, Axis has never asserted that this motion or its appeal rises or falls based upon

---

[2] The Insureds try to raise a red herring regarding the two standards that have been proffered by the Courts when determining whether a stay should be granted. This relates to the first criteria regarding whether a moving party must show a "substantial likelihood" or a "strong likelihood" of success. Regardless of what standard is applied, Axis has met both. In fact, Axis's motion argued its satisfaction of the more stringent of the two standards.

Maggio's plea. Any claim to the contrary is disingenuous. Rather, the Maggio guilty plea is simply one in a long list of facts that demonstrate why there is no coverage for this matter, including defense costs. As Axis has already detailed these facts in its initial memorandum and in the appeal, it will not burden the Court by reciting them again.

As to the Insureds' argument that the Court should ignore the Maggio plea because that is a matter for a motion for reconsideration; that is a question of form over substance. To begin with, the reference for this case has been withdrawn from the Bankruptcy Court. Thus, any motion for reconsideration would have to be submitted to this Court. To argue that the Maggio guilty plea should not be reviewed by this Court because the Stay Brief is not labeled as being one for reconsideration lacks merit. The Insureds cannot claim any surprise by the inclusion of the Maggio guilty plea as they were certainly made aware of it in Axis's letter to the Court on December 20, 2007. Moreover, the Insureds have had the opportunity to address the Maggio guilty plea in their Opposition to this Stay Motion. Accordingly, any argument that this Court should not consider the Maggio guilty plea, along with the myriad other facts that Axis has provided in support of its appeal and this motion, should not be given any weight.[3]

In addition to the above, the Insureds rely upon the Bankruptcy Court's statement that Axis is required to advance defense costs until the coverage issue is decided. The Insureds then go on to cite various cases where a "final determination" was explicitly required under the policies at issue in those cases. However, <u>every</u> case cited to by the Insureds involved the application of fraud exclusions in the insureds' policies which explicitly required a "final adjudication." As Axis has consistently argued, and as it

---

[3] Additionally, the Court's ability to review the Maggio guilty plea on this Motion to Stay in context of the irreparable injury issues cannot be seriously disputed. As discussed above, the plea is relevant and should be considered when determining irreparable injury.

6

argues in its pending Appeal, the bases upon which Axis has denied coverage do not involve the fraud exclusion and do not require a "final adjudication." Thus, if this Court determines in the Appeal that Axis was not required to advance defense costs where it had denied coverage (as the Policy clearly permits), then the Maggio guilty plea just gives further support to Axis's initial coverage disclaimer.

**D.    Public Policy Will be Served by the Issuance of a Stay**

The Insureds cite the public policy set forth in *Great Am Ins. Co.*, 2005 U.S. Dist. LEXIS 8003 at * 19, which states that "[p]ublic policy is served by requiring [the insurer] to continue forwarding the costs of defense to [insureds] because it is in the public interest to see parties abide by their *contractual obligations*." (emphasis added). This is exactly what Axis has argued all along and is arguing in its appeal; that the parties in this litigation should abide by their "contractual obligations." The "contractual obligations" in the Axis Policy simply do not provide coverage for these Insureds in this matter. Moreover, the "contractual obligations" imposed by the Axis Policy, only require Axis to advance those defense costs which are *covered* under the Policy.

In this case, the Insureds requested, and the Bankruptcy Court erroneously granted, an Order requiring Axis to advance Defense Costs despite the fact that: (1) the Axis Policy requires Axis to advance only *covered* Defense Costs on an as-incurred basis; (2) Axis has denied coverage based on clear policy exclusions; and (3) there has not been a determination that Axis's denial of coverage was incorrect. Recent events, such as the Maggio guilty plea, serve to further support Axis's coverage disclaimer. Public policy requires the Court to hold the parties in this litigation to their "contractual obligations." The Bankruptcy Court has erroneously read provisions into the Axis Policy

7

that do not exist. Absent an immediate stay of the Bankruptcy Court's Advancement Order, this Court will likely be deprived of the ability to make Axis whole again if it finds in Axis's favor on the appeal.

The public policy arguments advanced by the Insureds regarding the availability of D&O insurance encouraging service on Boards are unavailing. D&O insurance is entirely voluntary. Unlike auto insurance, there is no statutory requirement that companies provide their directors and officers with insurance. Some companies buy a lot, some a little, and some buy none at all. While insureds under a D&O policy have a right to the coverage they purchased, they do not have any right to expect broader coverage than they purchased. D&O policies are freely negotiated at arms length by experienced professionals. Different insurers offer a variety of different terms and conditions from which directors and officers can select coverage. It is not credible for the Insureds to argue that public policy dictates that they should be gifted millions of dollars in contravention of the express terms of the insurance contract negotiated on their behalf. There is no right to D&O insurance – it is a benefit which can be purchased. Here, the benefit sought – coverage for this claim, including payment of defense costs – was not purchased nor contractually agreed upon by the parties. In fact, requiring insurers to pay claims, which are excluded from coverage, will only serve to increase premiums and will result in companies buying less D&O insurance to protect those who wish to serve on Boards.

## E.    The Court Should Require the Insureds To Post Security

Axis notes that the Insureds' Opposition did not address Axis's alternate relief – the posting of security. If this Court denies Axis's request for a brief stay pending a

8

decision on the appeal, the Court may have no way to make Axis whole. However, if the Insureds were required to post security, equal to the amount advanced, the Court's power to make Axis whole would be preserved. Axis is not exclusively requesting a security bond, which would require the payment of a premium. Axis would be satisfied to receive a perfected security interest in any asset or property the Insureds wish to offer. Such a perfected security interest would come at little or no out-of-pocket cost to the Insureds and would serve to protect Axis's interests pending a decision on Appeal.

**[remainder of page intentionally left blank]**

9

## CONCLUSION

For the reasons set forth above, Axis respectfully requests that the Court exercise its equitable power to lessen the irreparable injury to Axis by issuing an Order to (1) stay enforcement of the Bankruptcy Court's October 19, 2007 Advancement Order pending resolution of the pending appeal; or, in the alternative, (2) require the Insureds to post security.

Dated: February 1, 2008

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

By:_____
      Wayne E. Borgeest
      Joan M. Gilbride
      Robert A. Benjamin
      200 Summit Lake Drive
      Valhalla, New York 10595
      (914) 741-6100 (Telephone)
      (914) 741-0025 (Facsimile)
      wborgeest@kbrlaw.com
      jgilbride@kbrlaw.com
      rbenjamin@kbrlaw.com

      *Attorneys for Plaintiff Appellant*
      *Axis Reinsurance Company*

10

Wayne E. Borgeest
Joan M. Gilbride
Robert A. Benjamin
**KAUFMAN BORGEEST & RYAN LLP**
**200 Summit Lake Dr**
**Valhalla, New York 10595**
**(914) 741-6100 (Telephone)**
**(914) 741-0025 (Facsimile)**
wborgeest@kbrlaw.com
jgilbride@kbrlaw.com
rbenjamin@kbrlaw.com

*Attorneys for Axis Reinsurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
    :
    :
AXIS REINSURANCE COMPANY,    :    No. 07-CV-07924-GEL
    :
    Plaintiff,    :
    v.    :
    :
PHILLIP R. BENNETT, et al.,    :
    :
    Defendants.    :
    :
------------------------------------------------------------------ X
    :
In re    :    Chapter 11
    :
REFCO, INC., et al.,    :    Case No. 05-60006-RDD
    :
    Debtors.    :    Jointly Administered
    :
------------------------------------------------------------------ X
    :
AXIS REINSURANCE COMPANY,    :    Adv. Proc. No. 07-01712-RDD
    :
    Plaintiff,    :
    v.    :
    :
PHILLIP R. BENNETT, et al.,    :
    :
    Defendants.    :
    :

```
------------------------------------------------------------ X
                                              :
TONE N. GRANT, et al.,                        :        Adv. Proc. 07-02005-RDD
                                              :
                    Plaintiffs,               :
          v.                                  :
                                              :
AXIS REINSURANCE COMPANY,                     :
                                              :
                    Defendant.                :
                                              :
------------------------------------------------------------ X
                                              :
LEO R. BREITMAN, et al.,                      :        Adv. Proc. No. 07-02032-RDD
                                              :
                    Plaintiffs,               :
          v.                                  :
                                              :
AXIS REINSURANCE COMPANY,                     :
                                              :
                    Defendant.                :
                                              :
                                              :
------------------------------------------------------------ X
                                              :
AXIS REINSURANCE COMPANY,                     :        (1) No. 07-CV-09420-GEL
                                              :        (2) No. 07-CV-09842-GEL
                    Plaintiff,                :        (3) No. 07-CV-10302-GEL
          v.                                  :
                                              :
PHILLIP R. BENNETT, et al.,                   :
                                              :
                    Defendants.               :
------------------------------------------------------------ X
                                              :
TONE N. GRANT, et al.,                        :        No. 07-CV-09843-GEL
                                              :
                    Plaintiffs,               :
          v.                                  :
                                              :
AXIS REINSURANCE COMPANY,                     :
                                              :
                    Defendant.                :
                                              :
------------------------------------------------------------ X
```

## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK            )
                             )    s.s.:
COUNTY OF WESTCHESTER        )


      1.     ROBERT A. BENJAMIN, the undersigned deposes and says: I am over 18 years of age, am not a party in the above-captioned case, and am an attorney with the firm Kaufman Borgeest & Ryan LLP.

      2.     On February 1, 2008, I caused a true and correct copy of the following document to be served via (i) electronic mail notification to the parties listed on Exhibit A attached hereto, and (ii) overnight delivery to the party listed on Exhibit B attached hereto:

- Axis Reinsurance Company Reply to the Insureds' Joint Response to Axis's Motion for a Stay of the Bankruptcy Court's Order of October 19, 2007


Dated: Valhalla, New York
       February 1, 2008

 

ROBERT A. BENJAMIN

KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Drive
Valhalla, New York 10595
(914) 741-6100 (Telephone)
(914) 741-0025 (Facsimile)
rbenjamin@kbrlaw.com

**EXHIBIT A**

| | |
|---|---|
| Gabriel Del Virginia<br>Law Offices of Gabriel Del Virginia<br>641 Lexington Avenue<br>21st Floor<br>New York, NY 10022<br>Gabriel.delvirginia@verizon.net | Michael F. Walsh<br>Greg A. Danilow<br>Paul A. Ferrillo<br>Paul Dutka<br>Weil Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Michael.walsh@weil.com<br>Greg.danilow@weil.com<br>Paul.ferrillo@weil.com<br>Paul.dutka@weil.com |
| Norman L. Eisen<br>Zuckerman Spaeder LLP<br>1800 M Street, NW<br>Washington, DC 20036<br>neisen@zuckerman.com | Matthew R. Goldman<br>Wendy J. Gibson<br>Baker Hostetler LLP<br>3200 National City Center<br>1900 East Ninth Street<br>Cleveland, OH 44114-3485<br>mgoldman@bakerlaw.com<br>wgibson@bakerlaw.com |
| Helen B. Kim<br>Baker Hostetler LLP<br>333 South Grand Avenue, Suite 1800<br>Los Angeles, CA 90071-1523<br>hkim@bakerlaw.com | Richard Soto<br>Scott E. Hershman<br>Stephen R. Blacklocks<br>Hunton & Williams LLP<br>200 Park Avenue<br>New York, NY 10166<br>rsoto@hunton.com<br>shershman@hunton.com<br>sblacklocks@hunton.com |

| Stuart I. Friedman<br>Ivan O. Kline<br>Elizabeth D. Meacham<br>Friedman & Wittenstein<br>600 Lexington Avenue<br>New York, NY 10022<br>sfriedman@friedmanwittenstein.com<br>ikline@friedmanwittenstein.com<br>emeachem@friedmanwittenstein.com | Richard Cashman<br>Heller Ehrman LLP<br>7 Times Square<br>New York, NY 10036<br>Holly.kulka@hellerehrman.com |
|---|---|
| Lisa L. Lambert<br>Office of United States Trustee<br>271 Cadman Plaza East, Suite 4529<br>Brooklyn, NY 11201<br>Lisa.l.lambert@usdoj.gov | J. Gregory Milmoe<br>Skadden, Arps, Slate, Meager & Flom LLP<br>4 Times Square<br>New York, NY 10036<br>jmilmoe@skadden.com |
| Luc A. Despins<br>Milbank Tweed Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>ldespins@milbank.com | Steven Wilamowsky<br>Timothy B. DeSieno<br>Mark W. Deveno<br>Bingham McCutcheon LLP<br>399 Park Avenue<br>New York, NY 10022<br>Steven.wilamowsky@bingham.com<br>Tim.desieno@bingham.com<br>Mark.deveno@bingham.com |

| | |
|---|---|
| Donald S. Bernstein<br>Davis Polk & Wardwell<br>450 Lexington Avenue<br>New York, NY 10017<br>Dpw.refco@dpw.com | Robert M. Novick<br>Jeffrey R. Gleit<br>Kasowitz Benson Torres & Friedman LLP<br>1633 Broadway<br>New York, NY 10019<br>rnovick@kasowitz.com<br>jgleit@kasowitz.com |
| Susheel Kirpalani<br>Quinn Emanuel Urquhart Oliver & Hedges LLP<br>51 Madison Avenue<br>New York, NY 10017<br>susheelkirpalani@quinnemanuel.com | Jeffrey T. Golenbock<br>Adam C. Silverstein<br>Golenbock Eiseman Assor Bell & Peskoe LLP<br>437 Madison Avenue<br>New York, NY 10022<br>jgolenbock@golenbock.com<br>asolverstein@golenbock.com |
| Barbara Moses<br>Rachel Marissa Korenblat<br>Morvillo Abramowitz Grand Lason Anello & Bohrer PC<br>565 Fifth Avenue<br>New York, NY 10017<br>bmoses@maglaw.com<br>rkorenblat@maglaw.com | Michael T. Hannafan<br>Blake Tyler Hannafan<br>Hannafan & Hannafan Ltd<br>One East Wacker Drive, Suite 1208<br>Chicago, IL 60601<br>mth@hannafanlaw.com<br>bth@hannafanlaw.com |

| | |
|---|---|
| Ona T. Wang<br>Baker Hostetler LLP<br>45 Rockefeller Plaza, 11th Floor<br>New York, NY 10111<br>owing@bakerlaw.com | Joseph L. Chairez<br>Baker Hostetler LLP<br>600 Anton Boulevard, Suite 900<br>Costa Mesa, CA 92626<br>jchairez@bakerlaw.com |
| Daniel J. Standish<br>Jonathan M. Jacobs<br>Cara T. Duffield<br>Wiley Rein LLP<br>1776 K Street, NW<br>Washington, DC 20006<br>dstandish@wileyrein.com<br>jjacobs@wileyrein.com<br>cduffield@wileyrein.com | Dylan G. Trache<br>Wiley Rein LLO<br>7925 Jones Branch Drive<br>McLean, VA 22102<br>dtrache@wileyrein.com |

**EXHIBIT B**

| | |
|---|---|
| Honorable Gerard E. Lynch<br>United States District Court for the<br>Southern District of New York<br>500 Pearl Street, Room 910<br>New York, NY 10007 | |